UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.: 11-cv-01524-REB-KMT

BETH S. MAXWELL and MARTIN R. MAXWELL,

      Plaintiffs,

  vs.

STRYKER CORPORATION and STRYKER SALES CORPORATION,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS

---

Having come before the Court by agreement of the Defendants Stryker Corporation and Stryker Sales Corporation and Plaintiffs Beth Maxwell and Martin Maxwell, the Court finds that good cause exists for the entry of this Stipulated Qualified Protective Order ("Protective Order") in that the preparation and trial of this action(s) will require the discovery of documents, testimony, information, or things claimed by one or more of the parties to contain confidential business or commercial information, and the ends of justice will be served by entry of an order setting forth procedures for and rules governing discovery, copying, use and return of documents, deposition transcripts, interrogatory answers and other materials. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    All information which is or has been produced or discovered in the above titled action and, after first being reviewed by a lawyer who certifies that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection, designated **"Confidential"** or **"Trade Secret"** shall be used by the receiving party solely for the prosecution or defense of this action, and shall not be used by any such party, their counsel of record or any other person to whom such material is

1

disclosed for any other purpose, unless the information is available to the general public without a breach of the terms of this Protective Order, or is the subject of written agreement between parties counsel regarding its use in relation to litigation.

2.      As used in this Protective Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Protective Order, or that have been previously designated as such in other similar cases.  The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.  This Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to request for disclosure, responses to requests for admission, medical records, and any documents recorded on computer disks.  As used herein, a "party" or the "parties" means a person/entity or persons/entities subject to this Protective Order.

3.      Any party who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Protective Order.

4.      Documents or other discovery material may be designated as **"Confidential"** or **"Trade Secret"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information, including, but not limited to, financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.  Any failure to designate a document **"Trade Secret"** shall not waive trade secret for any document otherwise designated as "**Confidential**" pursuant to this Protective Order, and shall not waive or preclude any future "**Trade Secret**" designation.

5.      Confidential information includes information that would identify patients and persons (excluding Plaintiff(s)) associated with adverse events involving human drugs, medical devices, and research subjects.  *See* 21 C.F.R. § 314.430 and  21 C.F.R. § 20.63. Defendants shall not be compelled to disclose this identifying information and may redact this identifying information from discovery material before production, provided, however, that such defendant shall maintain an un-redacted copy of such discovery material for any further review by the Court.

6.      The Producing Party may designate the document as Confidential Discovery Material by
stamping or otherwise clearly marking the document as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility.

7.      To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes ("Electronic Discovery Material") is produced in such form, the party producing such Electronic Discovery Material may designate it as confidential by cover letter referring generally to the Electronic Discovery Material, and/or by designation in the accompanying load file.  Whenever a party to whom confidential Electronic Discovery Material is produced reduces the confidential Electronic Discovery Material to hardcopy or image form, that party shall mark each page of the hardcopy or image form with the **"Confidential"** and/or **"Trade Secret"** designation.

8.      With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question and answer shall be bound in a separate volume and marked **"Confidential"** and/or **"Trade Secret"** by the court reporter. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which

are to be designated confidential.  During such thirty (30) day period, the entire transcript shall be treated as Confidential Discovery Material. For convenience, the parties may agree that entire deposition transcripts shall be treated as Confidential Discovery Material.

9.    Third parties to this action may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order as if they had stipulated to it at the time of entry.  Such third parties must state their agreement to be bound by this Protective Order in writing.

10.    Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess the documents and information for confidentiality and designation.

11.    If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing.  The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Protective Order.   Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all recipients of such Confidential Discovery Material about the protected status of that Material and shall retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Protective Order to have such material.

12.    Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity,  privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production.  Upon notification, the receiving party shall immediately, at the producing parties option, return or destroy the inadvertently-produced materials and all

copies, and shall delete the material and all copies from any litigation-support or other database.  The recipient shall destroy notes and work product reflecting the contents of such materials.  No further use or disclosure shall be made of the inadvertently-produced materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them.

Any party or individual having inadvertently received privileged or protected information need not wait for notice from the Producing Party before complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and information contained therein is privileged and/or protected. If the party returning such material does not agree with the privilege designation, the party returning such material must write a letter to the Producing Party, setting forth the reason for believing that the material in question is not privileged. If the issue cannot be resolved between the parties, the Producing Party shall move the Court, within ten (10) days of the completion of such meet-and-confer efforts, to rule on the material's status and shall produce a copy of the document to the Court for in camera inspection.  Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

13.    Any party producing documents in this action must simultaneously produce a privilege log, if any document has been withheld from production based on the assertion of privilege.  The privilege log will identify every document withheld on the basis of privilege by: (1) author; (2) date; (3) recipient(s); (4) type of document; and (5) privilege asserted.  If only a portion of the document is privileged, the Producing Party will only withhold that portion which is privileged, by redaction if possible.  A log must be produced with each production and each Producing Party must produce an updated privilege log within a reasonable time of the determination that additional documents need to be added.

14.     No party other than the party designating material as Confidential Discovery Material shall disclose such material to any other person, except as follows:

(a)     Counsel for the parties in the specific action in which the documents are to be produced, including any paralegal, clerical, and other staff employed by counsel for work on this action;

(b)     With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c)     Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this Protective Order as **Exhibit 1**.   However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture, or sale of any product that competes with, or is similar to, any product(s) addressed in documents produced as Confidential Discovery Material, the party seeking the testimony must also first receive written consent of counsel for the party disclosing the Confidential Discovery Material, or obtain an order from the Court permitting the disclosure to said witness;

(d)     Any person retained by a party to serve as an expert consultant or witness or otherwise
        provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e)     Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f)     Official court reporters; and

(g)     The court, mediators, and support personnel.

15.     Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 14 above, the person shall be provided by counsel with a copy of this Protective Order and shall sign a non-disclosure agreement in the form attached as **Exhibit 1** hereto.  The non-disclosure agreement will state that the person has read this Protective Order and agrees to be bound by its terms.   All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.  At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

16.     Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file a motion to have the Confidential Discovery Material filed under seal and shall otherwise comply with applicable Federal Rules of Civil Procedure, the Local Rules, and any other rules, procedures, or Orders of this Court.  When filing the motion, the filing party will cite to the Court the grounds for filing the Confidential Discovery Material under seal.  The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.  Whenever possible, disputes regarding confidentiality designations should be resolved before Confidential Discovery Material or any document containing or referencing it is filed with the Court.  For any item of Confidential Discovery Material for which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under seal (at least provisionally).

17.     Any party objecting to the designation of any material as Confidential Discovery Material, or requesting further limits on disclosure (such as "attorney eyes only"), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection. If agreement cannot promptly be

reached, the dispute will be submitted to the Court pursuant to the Court's ordinary procedures for handling discovery disputes. Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain and be treated as Confidential Discovery Material pursuant to this Protective Order.

18.     Each person who has access to Confidential Discovery Material shall take all necessary precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     This Protective Order shall survive the termination of this action.  Within 30 days of the final disposition of this action, which includes the conclusion of any and all appeals, all Confidential Discovery Material, and all copies (including those in electronic format), shall promptly be returned to the Producing Party or, with the permission of the Producing Party, be destroyed.

20.     The Court shall retain jurisdiction over all persons and parties subject to this Protective Order to the extent necessary to modify this Protective Order, enforce its obligations, or to impose sanctions for any violation.

21.     Nothing in this Protective Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

22.     Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure.  Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Protective Order as if the party had stipulated to it at the time of entry.  No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Protective Order.

23.     Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material.   With respect to the manufacturers and distributors of the pain pumps, the trade secret discovery material shall only be produced to counsel (including in-house counsel), as defined in Paragraph 14(a), and not any other employees of those parties.  The purpose of this paragraph is to prevent manufacturers and

8

distributors of pain pumps from having access to the other's trade secret discovery material, except as needed by counsel defending this action.

24.     Nothing in this Protective Order shall prevent the Receiving Party from using Confidential Discovery Material in any case in which the Producing Party is a defendant and in which a Protective has been entered, by a Court of competent jurisdiction, and is applicable to said Confidential Discovery Material.   Furthermore, the Receiving Party may share, discuss, and exchange such Confidential Discovery Material with counsel involved in active litigation against the Producing Party, as long as a protective order with comparable terms of protection for such Confidential Discovery Material has been entered in that other litigation. However, before the Receiving Party may share, discuss, and exchange such Confidential Discovery Material with such counsel, notice shall be provided to counsel for that Producing Party, identifying the Confidential Discovery Material to be shared or exchanged, the counsel with whom that exchange is to be made, and the litigation in which that other counsel is involved.  The Producing Party shall then be permitted 10 days from the date of that notice to object to said exchange of material or their content.   If such objection is timely made, the Receiving Party may not share, discuss, and exchange such Confidential Discovery Material.

25.     The provisions of this Protective Order shall not affect, nor does this Protective Order limit, the use or admissibility of Confidential Discovery Material (or references to that material) as evidence at trial, or during any arbitration, mediation, hearing, or similar proceeding in this action or as part of the record on appeal, provided that either parry may seek an appropriate Order of the Court to protect such Confidential Discovery Material, including provisions for use of such materials under seal. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial or other such addressed proceedings.  Absent court order to the contrary, the use or production of Confidential Discovery Material at trial by any party, under seal or under such other terms as required by the Court to maintain the confidentiality of that

material, does not waive the protection of such Confidential Discovery Material required under this Protective Order in subsequent proceedings or in any other case.

26.     This Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA").   Any identifiable health information shall be automatically deemed **"Confidential"** and shall be treated as Confidential Discovery Material under the terms of this Order, without being stamped as **"Confidential"** by the producing party.   Nothing in this Order shall prevent a party from objecting that documents do not contain individually identifiable health information, or are not otherwise subject to the requirements of HIPPA.

27.     Nothing in this Protective Order shall preclude a party from using or disclosing its own Confidential Discovery Material in any manner it sees fit, without the prior consent of any other party and without waiving its **"Confidential"** or **"Trade Secret"** status under this Protective Order.

28.     Any party served with a subpoena or other notice compelling production of Confidential Discovery Material shall immediately give written notice to counsel for the Producing Party.

29.     A party who learns of an unauthorized or inadvertent disclosure of Confidential Discovery Material by it or by any person to whom the party has disclosed Confidential Discovery Material pursuant to this Protective Order shall immediately (a) issue written notice of the unauthorized or inadvertent disclosure to the producing party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material subject to unauthorized or inadvertent disclosure; (c) inform all persons to whom unauthorized or inadvertent disclosure was made of the terms of this Protective Order; and (d) use best efforts to secure a non-disclosure agreement in the form attached as **Exhibit 1** hereto from all persons to whom the unauthorized disclosure was made.

IT IS SO ORDERED:   December 15, 2011.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

IT IS SO AGREED:  December 14, 2011.

 s/ Jessica Andrew
Jessica Andrew
DEWSNUP, KING & OLSEN
36 S. State Street, Suite 2400
Salt Lake City, UT 84111
(801) 533-0400
jandrew@dkolaw.com

Aimee H. Wagstaff
ANDRUS HOOD & WAGSTAFF
1999 Broadway, Suite 4150
Denver, Colorado 80202
Aimee.wagstaff@ahw-law.com

**ATTORNEYS FOR PLAINTIFFS**

 s/ J. Lee Gray
Maureen Reidy Witt
J. Lee Gray
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1600
Fax: (303) 290-1606
mwitt@hollandhart.com
lgray@hollandhart.com

Vaughn A. Crawford
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
Tel.: (602) 386-6000
Fax: (602) 386-6070
vcrawford@swlaw.com

Mario Horwitz
SEDGWICK LLP
801 S. Figueroa St., 19th Fl.
Los Angeles, CA  90017
Phone: (213) 426-6900
Fax: (213) 426-6921
Mario.horwitz@sedgwicklaw.com

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.: 11-cv-01524-REB-KMT

BETH S. MAXWELL and MARTIN R. MAXWELL,

     Plaintiffs,

  vs.

STRYKER CORPORATION and STRYKER SALES CORPORATION,

     Defendants.

---

**EXHIBIT "1"- ACKNOWLEDGMENT OF PROTECTIVE ORDER**

---

I, _____, acknowledge that I have read and understand the Stipulated Qualified Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Confidential Discovery Material that have been designated as Confidential or Trade Secret, or contain individually identifiable health information.  I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted by the Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Confidential Discovery Material to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of The United States District Court for the District of Colorado, for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _____ day of _____, 201__.

_____
Name

_____
Signature