**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01524-REB-KMT

BETH S. MAXWELL, and
MARTIN R. MAXWELL, wife and husband,

     Plaintiffs,

v.

STRYKER CORPORATION, a Michigan corporation,
STRYKER SALES CORPORATION, a Michigan corporation, and
DOES 1-10, inclusive,

     Defendants.

---

## ORDER GRANTING MOTION TO CONTINUE TRIAL DATE

---

**Blackburn, J.**

     This matter is before me on the **Unopposed Motion To Extend Portions of the Scheduling Order and Trial Preparation Conference Order, and Vacate and Reset the Trial Date** [#55] filed January 9, 2012.  I grant the motion on the terms stated in this order.

     The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*,175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the

continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).  On balance, these factors weigh in favor of a continuance.

The basis for the plaintiff's complaint is her November, 2003, shoulder surgery. The parties report that discovery concerning relevant medical, insurance, and employment information remains incomplete.  Responses to several subpoenas, which were issued with reasonable diligence, remain incomplete.  Expert discovery cannot be completed in the absence of complete medical and other records.  Based on these circumstances, the defendants ask the court to amend the deadlines stated in the current **Scheduling Order** [#38] filed September 13, 2011.  In addition, the defendant seeks a continuance of the Trial Preparation Conference and trial currently set in this case.  The defendants seek an additional 90 days to complete discovery, file any motions under Fed.R.Evid. 702, and file dispositive motions.  Considering the circumstances of this case and applying the four factors outlined in **West** and other relevant cases, I conclude that the deadlines should be extended and that the trial should be continued.

THEREFORE, IT IS ORDERED as follows:

1. That the **Unopposed Motion To Extend Portions of the Scheduling Order and Trial Preparation Conference Order, and Vacate and Reset the Trial Date** [#55] filed January 9, 2012, is **GRANTED**;

2. That the **Scheduling Order** [#38], filed September 13, 2011, is **AMENDED** and **SUPPLEMENTED** to provide the following extended deadlines:

a) Deadline to Amend Pleadings April 12, 2012;

b) Discovery cutoff June 26, 2012;

c) Plaintiffs' disclosure of expert witnesses April 3, 2012;

d) Defendants' disclosure of expert witnesses May 3, 2012;

e) Disclosure of rebuttal expert witnesses May 25, 2012; and

f) Dispositive motions deadline July 26, 2012;

3.  That the deadline to file motions under Fed.R.Evid. 702 is **EXTENDED** to June 28, 2012;

4.  That the Trial Preparation Conference currently set for June 22, 2012, at 3:30 p.m., and the trial, currently set to begin on July 9, 2012, at 8:30 a.m., are **VACATED**;

5.  That the **Trial Preparation Conference Order** [#36] entered September 13, 2011, is **AMENDED** and **SUPPLEMENTED** accordingly;

6.  That counsel are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **February 23, 2012, at 10:00 a.m.**, to reschedule the Trial Preparation Conference and trial.

Dated February 17, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge