IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01524–REB–KMT

BETH S. MAXWELL, and
MARTIN R. MAXWELL, wife and husband,

      Plaintiffs,

v.

STRYKER CORPORATION, a Michigan corporation,
STRYKER SALES CORPORATION, a Michigan corporation, and
DOES 1-10, inclusive,

      Defendants.

## ORDER

This matter is before the court on "Defendants' Motion for Determination of Reasonable Expert Witness Fee" [Doc. No. 70, filed April 25, 2012]. The motion was referred to this court for ruling on May 25, 2012 [Doc. No. 74]. Subsequently, this court required the Plaintiffs to present the justification for the demand of $2000.00 per hour for deposition testimony made by Plaintiff's treating orthopedic surgeon, David Schneider, M.D. [Minute Order, Doc. No. 75]. Plaintiffs filed a response on June 12, 2012 [Doc. No. 76] and the reply was filed on June 13, 2012 [Doc. No. 77]. The matter is now fully briefed and ripe for resolution.

This matter involves allegations against the manufacturer of a "pain pump" utilized in plaintiff Beth Maxwell's right shoulder joint following a November 17, 2003 arthroscopic

surgery. The witness fees which are at the heart of this motion involve hourly rates demanded by Dr. Schneider, the surgeon who performed the November 17, 2003 surgery involving the Stryker pump, performed Beth Maxwell's "December 29, 2009 right shoulder total arthroplasty," and assessed "the condition of [Beth Maxwell's] shoulders from 2003 to the present." Mot. at 2 (quoting Plaintiffs' Initial Disclosures, Mot. Ex. 1). Dr. Schneider, therefore, is not considered a retained witness for either side in this litigation, but is instead a fact witness, albeit one with specialized knowledge. Therefore, in all likelihood, Dr. Schneider will be asked for opinion testimony based upon his medical records and involvement in the care of the plaintiff.

Dr. Schneider initially provided a fee schedule for his deposition requiring payment of $5000.00 per hour for the first hour and $1,250.00 per fifteen minute segment thereafter. (Mot. at 2.) Stryker offered to pay Dr. Schneider $700.00 per hour, the same rate its expert witness, Dr. Rajesh Bazaz, charged Plaintiffs when they took his deposition. *Id.* Dr. Stryker thereafter reduced his hourly rate to $2000.00 and Stryker responded with an offer of $1000.00 per hour. *Id.* The parties reached an impasse regarding the reasonableness of the fees sought by Dr. Schneider and his deposition has not yet been scheduled.

Fact witnesses normally are entitled to no more than the $40 statutory appearance fee, plus mileage for traveling to the deposition and expenses. *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D. Colo. 1995). Defendants, who originally noticed the deposition of Dr. Schneider, have represented that

> The vast majority of Stryker's examination of Dr. Schneider will focus solely on factual issues related to his treatment of Plaintiff, including her November 2003

>shoulder surgery and subsequent condition between then and her 2009 replacement surgery.

Mot. at 3.  Fed. R. Civ. P. 26.

Whether or not a doctor has been retained, as long as he has been identified as a witness who will provide expert opinion testimony, pursuant to Rule 702, he may be deposed.  Fed. R. Civ. P. 26(b)(4)(A).  Rule 26(b)(4)(C) provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result.  Fed. R .Civ. P. 24(b)(4)(C)(emphasis added). Although few published cases discuss what constitutes a "reasonable" expert fee, seven factors have emerged to guide in the determination of the reasonableness of a fee under Rule 24(b)(4)(C)

>(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (6) [sic] any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Young v. Global 3, Inc.*, Civ.A.03-N-2255(CBS), 2005 WL 1423594, at *1 (D. Colo. May 26, 2005).  *See also U.S. Energy Corp. v. Nukem, Inc.,* 163 F.R.D. 344, 345-46 (D. Colo. 1995); *Mathis v. NYNEX*, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996); *Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 496 (S.D. Iowa 1992).  A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert. *Young,* 2005 WL 1423594, at *1; *Mathis,* 165 F.R.D. at 24.  *See Grady v. Jefferson Co. Bd. of County Comm'rs.*, 249 F.R.D. 657 (D. Colo. 2008).

Dr. Schneider apparently has based his request to be paid at a rate of $2000.00 per hour upon his calculations derived from dividing his 2011 annual income "by the average hours worked by an orthopedic surgeon." (Resp. [Doc. No. 76] at 2.) Using that brief explanation as a springboard, assuming that orthopedic surgeons work similar hours to other professional people and noting that the number of work hours in a year are approximately 2080 (52 weeks multiplied by 40 hours per week), at $2000.00 per hour, Dr. Schneider's annual income would therefore be $4,160,000.00. While the court is not privy to Dr. Schneider's actual annual income, this court is unconvinced that reasonable orthopedic surgeons, while certainly well-paid as a rule, would make over four million dollars a year based solely on their surgery practice. Dr. Schneider's purported calculations are therefore unpersuasive on the issue of a reasonable fee to be provided to Dr. Schneider for deposition testimony. With limited information before it, the court must rely on its own judgment as to the reasonableness of a fee for Dr. Schneider to the extent he is called upon to provide more than merely factual information, for which he is only entitled to a $40.00 fee.

Dr. Schneider's curriculum vitae appears at Exhibit 4 to Defendants' Motion. Dr. Schneider obtained a Bachelor's degree in Finance from Oral Roberts University in Tulsa, Oklahoma and his M.D. from the University of Kansas School of Medicine in Kansas City, Kansas. *Id.* Dr. Schneider did his residency at Penn State University Department of Orthopaedics and Rehabilitation from 1997 to 2001 and his fellowship at the Kerlan-Jobe Orthopaedic Clinic from 2001 to 2002. *Id.*

In a case decided by this court, orthopedic surgeons, several of whom had lengthy and impressive careers, had a fee schedule rate of between $750 - $1,000 per hour for deposition testimony although two of the surgeons were actually charging their clients a negotiated rate of $450.00 per hour. *Grady*, 249 F.R.D. at 659-660. The three surgeons examined in that case all were specially retained experts, not treating physicians. In another pain pump case cited by Defendants, *Stewart v. Stryker*, No. 11-0376-CV-W-ODS, 2012 WL 1948001 (W.D. Mo. May 30, 2012), the court found $750 per hour to be a reasonable fee for a treating, board-certified orthopedic surgeon specializing in sports medicine and arthroscopy. In another case brought forward by Defendants, a Colorado-licensed, board certified orthopaedic surgeon, Dr. Bharat Desai's, rate of $750 per hour for his time in a deposition in a 2008 was found reasonable. *See Kumar v. Copper Mountain*, No. 07-cv-02597-PAB-MEH, 2008 WL 5225878, *1 (D. Colo. Dec. 15, 2008). In several other recent cases, the reasonable fees allowed to orthopedic surgeons were set considerably lower. *See, e.g.*, *Broushet v. Target Corp.*, 274 F.R.D. 432, 433–34 (E.D.N.Y. 2011) (setting rate of $400 per hour for "clearly an experienced orthopedist and spine surgeon whose role in this lawsuit is that of a treating physician who is also being proffered as an expert"); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 546–47 (D. Ariz. 1999) (setting rate of $450 per hour "unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon, specializing in the spine and practicing medicine since 1986").

In this case, the rate being charged by Defendants' expert is $700.00 per hour. Dr. Bazaz obtained his Bachelor's degree in Biological Sciences from Wayne State University (*Summa*

*Cum Laude*) and his M.D. from the University of Michigan School of Medicine (*Cum Laude*). He did his residency in the Department of Orthopaedics at Case Western Reserve University in Cleveland, Ohio (1999-2003) and his fellowship at Southern California Orthopaedic Institute, Sports Medicine (2003-2004). (Mot., Ex. 6) In experience and training, he is comparable to Dr. Schneider.

The court takes seriously its independent responsibility as gatekeeper against excessive windfall billing by medical experts appearing in federal court. *See Young*, 2005 WL1423594, at *2. In light of the facts presented with respect to Dr. Schneider's education and experience and the comparison with other orthopedic surgeons both in Colorado and outside Colorado and in similar cases, the court finds that a reasonable hourly rate for Dr. Schneider's deposition testimony and trial testimony (to the extent he is called upon to render expert testimony) is not more than $750 per hour.

Wherefore, it is **ORDERED**

"Defendants' Motion for Determination of Reasonable Expert Witness Fee" [Doc. No. 70] is **GRANTED** consistent with the findings herein.

Dated this 19th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge